UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-105-FDW

| | |
|---|---|
| WARREN SUMMERS, *aka* Warren Hill Summers, *aka* Warren H. Summers, | )<br>)<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | )     **ORDER** |
| | ) |
| BRYAN WELLS, | )<br>) |
| Respondent. | )<br>) |

**THIS MATTER** is before the Court upon Petitioner Warren Summers' pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 5). Also before the Court are Respondent's Motion for Summary Judgment (Doc. No. 14) and Petitioner's Motion for Summary Judgment (Doc. No. 20).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on April 13, 1964, pled guilty in Mecklenburg County Superior Court to first-degree rape, robbery with a dangerous weapon, felony breaking and entering, larceny, and escape. He was sentenced to life imprisonment for the rape, and the rest of his sentences were run concurrently. Judgment was entered on April 16, 1964. (J. and Commitment Forms, Resp't's Ex. 1, Doc. No. 16-1.) Petitioner states that he was represented in the trial court by attorney Mr. Fisher. (Pet. 13, Doc. No. 5.)

It does not appear Petitioner filed a direct appeal, but he may have launched some kind of collateral attack in Mecklenburg County Superior Court. See State v. Summers. 358 S.E.2d 531 (N.C. 1987) (Mem) (denying petition for writ of certiorari).

1

On April 6, 2016, Petitioner filed a pro se mandamus petition in the North Carolina Court of Appeals. (Resp't's Ex. 2, Doc. No. 16-2.) It was denied on April 18, 2016. (Resp't's Ex. 4, Doc. No. 16-4.)

Petitioner filed a pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of North Carolina on April 15, 2016, when he placed it in the prison mailing system. (Doc. No. 5.) The State filed an Answer and Motion for Summary Judgment. (Doc. Nos. 13, 14.)

In accordance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was notified of his right to respond to the Motion for Summary Judgment. (Doc. No. 18.) On September 23, 2016, he filed his own Motion for Summary Judgment. (Doc. No. 20.) On March 2, 2017, the Eastern District transferred the above-captioned action to this Court, where venue is proper.

## II. STANDARD OF REVIEW

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

## III. DISCUSSION

Petitioner's sole claim is that his life sentence violates the Eighth and Fourteenth

Amendments' ban on cruel and unusual punishment. (Pet. 5.) He asserts that his sentence has deprived him of regular sentence reductions for gained-time, good-time, and merit time. Respondent contends that the Petition is untimely, unexhausted, and without merit.

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on June 16, 1964, so Petitioner's judgment of conviction became final decades before AEDPA took effect. However, prisoners like Petitioner were given one year from April 24, 1996, the date AEDPA went into effect, to file a federal habeas petition. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Accordingly, Petitioner had up to and including April 24, 1997, to file a timely habeas petition in federal court. He did not do so. Consequently, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A) unless he can demonstrate that statutory or equitable tolling should apply.

Equitable tolling is not warranted in this case as it requires a showing by Petitioner that

3

"he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted). Petitioner has been incarcerated for more than 50 years, and he has provided no evidence that he diligently pursued relief in the state courts during that time.

Turning to the possibility of statutory tolling, Petitioner does not allege that some ongoing, unconstitutional action by the State has impeded his ability since April 24, 1996, to file a § 2254 petition. See § 2244(d)(1)(B). Additionally, the Supreme Court has never held that the Eighth Amendment prohibits a life sentence for an adult convicted of first-degree rape. Therefore, Petitioner cannot rely upon § 2244(d)(1)(C) to toll the statute of limitations. Finally, § 2244(d)(1)(D) allows for statutory tolling until the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. Tolling of the statute of limitations under this provision is not available as the factual predicate for Petitioner's claim was discoverable as soon as he was sentenced.

Petitioner argues that the Court's failure to review his claim would result in a miscarriage of justice. The Supreme Court has recognized a miscarriage of justice exception to the statute of limitations only for a credible showing of actual innocence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1931 (2013). Petitioner does not assert that he is actually innocent of the offenses he plead guilty to in 1964. As such, he has failed to demonstrate an entitlement to

4

statutory tolling under §§ 2244(d)(1)(B), (C), or (D).

## IV. CONCLUSION

Petitioner's § 2254 habeas Petition is untimely under § 2244(d)(1)(A), and equitable tolling is not warranted. His Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 5) is **DISMISSED** as untimely;

2. Respondent's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**;

3. Petitioner's Motion for Summary Judgment (Doc. No. 20) is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 20, 2017

_____
Frank D. Whitney
Chief United States District Judge